**DANG JIANG, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Respondents.**

No. 08–0405–ag.

United States Court of Appeals, Second Circuit.

Sept. 29, 2008.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, David V. Bernal, Assistant Director, Lindsay E. Williams, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Dang Jiang, a native and citizen of the People's Republic of China, seeks review of the December 28, 2007 order of the BIA affirming the March 1, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dang Jiang*, No. A98 715 171 (B.I.A. Dec. 28, 2007), *aff'g* No. A98 715 171 (Immig. Ct. N.Y. City Mar. 1, 2006). We assume the parties' familiarity

with the underlying facts and procedural history of the case.

When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

■ Regarding Jiang's fear of sterilization pursuant to China's coercive population control program, we find no error in the agency's conclusion that this fear was speculative (and therefore not well-founded) as he was unmarried, had no children, and alleged no previous contact with family-planning officials. We have previously found that "[i]n the absence of solid support in the record for [an asylum applicant's] assertion that he will be subjected to forced sterilization [or some other form of persecution], his fear is speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam).

Jiang relies on our decision in *Rui Ying Lin v. Gonzales,* 445 F.3d 127 (2d Cir. 2006), where we vacated the agency's finding that the petitioner's claim of forced sterilization was speculative. *See id.* at 135–36. Unlike Jiang, however, the petitioner in *Lin* had two children, planned to have more, had an intrauterine device inserted without her consent, hid from Chinese family-planning officials, and used a false certificate that her husband had been sterilized to avoid her own sterilization. *See id.* at 130–31, 136. In light of these considerable differences, *Lin* is of no aid to Jiang.

■ We also reject Jiang's argument that he is eligible for asylum based on the forced sterilization of his mother and aunts. Jiang "does not automatically qualify for 'refugee' status on account of a coercive procedure performed on someone else." *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309 (2d Cir.2007) (en banc). And he has presented no evidence that the Chinese authorities are likely to single him out for persecution based on his relatives' violations of family-planning regulations.

■ The agency also did not err in concluding that Jiang failed to establish past persecution or a well-founded fear of persecution based on his alleged illegal departure from China. First, the IJ reasonably found that Jiang had failed to prove he left China illegally, based on Jiang's testimony that he was permitted to leave the country using a passport with his name and picture. *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007) ("So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding."). Second, the IJ reasonably discredited Jiang's claim that he previously had been detained in China for illegal departure because: (1) he stated on his asylum application that he had never been detained in any country other than the United States, and (2) his asylum application and his mother's letter did not mention any prior departure or detention.

■ As Jiang was unable to establish eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief arising out of the same factual assertions. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.